JiCIACCIO, Judge.
In these child support proceedings instituted by the State of Louisiana, defendant, Leon Williams, appeals from a trial court judgment ordering him to make monthly child support payments for the minor child, Javonna Bryant. We affirm.

FACTS

On August 10,1996, the State of Louisiana, through the Department of Social Services, Office of Family Support, filed a Petition to Establish Paternity and Support Obligations pursuant to LSA-R.S. 46:236.1. In this petition, the State alleged that the minor child, Javonna Bryant, was living with Valerie L. Bryant who was receiving benefits through the AFDC program maintained by the State of Louisiana. The State further alleged that defendant, Leon Williams, had a sexual relationship with Valerie Bryant from 1992 through 1995 which resulted in the conception and birth of the minor child, Javonna Bryant on December 21,1994.
On March 29, 1996, defendant was personally served with a copy of this petition by a deputy civil sheriff and support enforcement specialist for Orleans Parish at his workplace in Ponehatoula, Louisiana. Defendant failed to file an answer in these proceedings and a preliminary default was entered on June 21, 1996.
On September 19, 1996, the preliminary default was confirmed and ^judgment was entered against defendant ordering him to pay $189.00 per month in support retroactive to the filing of the State’s petition. The trial court also entered an income assignment order. At the hearing on the default, the State introduced copies of photographs of defendant with the minor child as well as a Department of Labor report showing defendant’s reported income.
On November 19, 1996, two months after the default judgment was rendered, defendant filed into these proceedings a pleading styled as “Motion for New Trial and Nullity of Judgment based on Fraud.” Defendant averred that the allegations of the State’s petition were fraudulent in that Valerie Bryant previously acknowledged that another person was the father of Javonna Bryant. Defendant also alleged that the State failed to properly serve him with a copy of the petition for paternity and child support. Attached to this motion was an acknowledgement allegedly signed by Valerie Bryant which states that the father of the minor child was Terry Young. Defendant also attached to this motion a document from the *328 civil sheriffs office which contained a notation that the citation dated August 14, 1995 to serve defendant at 7318 Pitt Street was returned as not served.
The State filed an opposition to defendant’s motion, contending that proper service of defendant was made at his workplace on March 29, 1996. The State also argued that the motion for new trial was untimely filed, and the motion for nullity was improperly brought as a summary proceeding.
A hearing was held on defendant’s motion on January 15, 1997. Neither defendant nor his counsel appeared at this hearing. On January 17, 1997, the trial court rendered judgment denying the motion for new trial and dismissing defendant’s motion for nullity of judgment. On March 3, 1997, defendant filed a motion for new trial from the judgment rendered on January 17. The trial |8court denied that motion and granted defendant’s motion for appeal on March 17, 1997.
Leon Williams now appeals from the judgment of the trial court rendered on January 17, 1997. Appellant contends that the trial court erred when it did not notify him of the hearing on his motion for new trial and motion for nullity of judgment based on improper service and fraud. Appellant argues that by failing to grant his motions for new trial and nullity of judgment, it has been conclusively established that he is the father of Javona Bryant without giving him the opportunity to prove otherwise.

DISCUSSION

The record in the present case shows that a default judgment was entered against defendant on September 19, 1996. On November 19,1996, appellant filed these motions for new trial and nullity. On November 20, 1996, a hearing date for the motions was set by the trial court for January 15, 1997. There is no service information on the motion and the court evidently did not send the appellant notice of the hearing date. Although counsel for the State was present for the hearing, neither appellant nor his counsel appeared on the scheduled date.
Appellant contends that he was unaware of the hearing date and the trial court erred in failing to notify him of this date. Appellant cites La. C.C.P. art. 963 to support his position that he should have been served with a copy of that motion. However, appellant’s reliance on that article is misplaced. La. C.C.P. art. 963 provides in part as follows:
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
|4In the present case, appellant was the party filing this motion, and the trial court set the matter for contradictory hearing. Nothing in the Code of Civil Procedure requires the court to notify the moving party of the date of a hearing unless requested by the mover to do so. In fact, La. C.C.P. art. 1976 provides that notice of a motion for new trial and the hearing date must be served on the opposing party. As the moving party, it was incumbent on appellant to obtain the hearing date by requesting service, checking the record or telephoning the court. Defendant evidently failed to do so, and he cannot now complain that the trial court erred in rendering judgment in his absence.
Notwithstanding defendant’s failure to appear at the hearing, however, we find that the trial court did not err in denying defendant’s motion for new trial or the motion for nullity.

The Motion for New Trial

The original judgment in this ease was rendered on September 19, 1996. The motion for new trial was not filed until November 19, 1996, two months after the judgment was rendered. The record clearly indicates that there was personal service of the citation and petition on March 29,1996. The record further shows that defendant did not file an answer or a motion for extension of time to file responsive pleadings into these proceedings.[1]
*329 The delay for applying for a new trial is seven days, which delay | scoinmences to run from the day after the signing of judgment, unless notice of judgment is required. La. C.C.P. art. 1974. Notice of judgment of a default judgment where defendant was personally served is not required under Louisiana law. La. C.C.P. art. 1913.
Although defendant contends that he was not personally served, the record indicates otherwise. The record indicates that attempts to serve defendant at 7318 Pitt Street were unsuccessful; however, the record contains a return of service dated March 29, 1996 which shows that defendant was personally served at his workplace by a statutorily authorized process server.
Under the circumstances presented here, the motion for new trial, which was filed two months after the signing of judgment, was untimely filed, and the trial court did not err in denying this motion.

The Motion for Nullity

Defendant further requested, by filing a motion into these proceedings, that the default judgment be annulled for alleged fraud or ill practice. However, allegations of fraud or ill practice may only be addressed by direct action, through ordinary process, and may not be addressed by motion and summary process. Marie v. Doucette, 328 So.2d 805 (La.App. 1st Cir.1976); Nethken v. Nethken, 307 So.2d 563 (La.1975). Although the motion for nullity based on La. C.C.P. art. 2004 does not have to be filed in a separate proceeding, Louisiana jurisprudence requires that the action be brought by a direct action and may not be brought by motion or summary process. The Louisiana Supreme Court in Nethken stated as follows:
A judgment, although founded on ill practices, must be presumed to have been regularly obtained until the contrary is show in direct proceedings. By a direct proceeding is meant the party praying for the nullity of a judgment, before the court which rendered same, |(;must bring his action by means of a petition, and the adverse party must be cited to appear, as in ordinary suits.
In this case, defendant sought to raise the issue of relative nullity by summary process. The law requires the issue be raised in a direct action in ordinary proceedings. The trial court did not err in dismissing this motion.

CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. Defendant contends that after receiving the petition, his counsel telephoned counsel for the State and requested that a blood test be administered to establish paternity, but the State never *329 scheduled the test. He alleges that he was waiting for the test to be administered before he filed an answer. However, although the State acknowledges that defendant requested the blood test, the State contends that the documentation which was sent to defendant to schedule the test was never returned by defendant. The record indicates that the State did not move for a preliminary default until June 21, 1996, three months after the petition was served on defendant.