_JjPLOTKIN, Judge.
Relators seek review of a trial court judgment granting a motion to transfer and consolidate this case with a previously-closed succession proceeding. For the reasons discussed below, we grant the application for supervisory writs, reverse the trial court judgment, and remand the case to Division “N” of the New Orleans Civil District Court (“CDC”).
The two trusts which form the basis of the action underlying this application for supervisory writs were created by the will of decedent George Dendinger, Jr., and funded on January 25, 1993, pursuant to a Judgment of Possession signed by the judge in CDC Division “L,” who conducted the original succession proceedings. The succession proceedings were closed on that day when the Judgment of Possession was signed.
However, on March 16, 1999, Bank One, the successor to the sole trustee for one of the trusts and co-trustee for the second trust, filed A Petition for Instructions. The petition was assigned CDC # 99-4181 and was allotted to CDC Division “N” by random assignment, as required by La. C.C.P. art. 253.1. However, Ms. Lorraine Grimes Dendinger, the decedent’s widow, co-trustee with Bank One for the second trust, filed a Motion to Transfer and Consolidate in CDC Division “L,” the division where the original succession had been heard; the judge Lin that division signed the Judgment of Possession which funded the trusts. The judge in CDC Division “L” granted the motion to transfer and consolidate, allegedly citing the fact that he was familiar with the will and the trusts.
In her memorandum in Support of Motion to Transfer and Consolidate, Ms. Den-dinger makes two arguments. First, she claims'that the transfer and consolidation is proper under the provisions of the Louisiana Trust Code, LSA-R.S. 9:1721 et seq. Second, she claims that the applicable provisions of the Louisiana Code of Civil Procedure allow the transfer and consolidation.
First, Ms. Dendinger cites the provisions of the Trust Code. LSA-R.S. 9:2233(A) allows a trustee, among others, to “apply to the proper court for instructions concerning the trust instrument, the interpretation of the instrument, or the administration of the trust.” (Emphasis added.) The term “proper court,” in the case of testamentary trusts, is defined by the Trust Code to mean “the district court having jurisdiction of the settlor’s succession.” LSA-R.S. 9:1725(5). Ms. Dendinger claims that the “proper court” in this case is CDC Division “L.”
However, Ms. Dendinger improperly interprets the term “proper court” too narrowly. The term “proper court” refers, not to a particular division, but to a particular court — in this case, the CDC. It is *556 well settled in Louisiana law that “each judicial district constitutes a single court, and the creation is [sic] different divisions does not operate to sever a single district court into multiple courts.” State ex rel. Guste v. Green, 94-1138 (La.App. 1 Cir. 6/23/95), 657 So.2d 610, 622, quoting Piper v. Olinde Hardware & Supply Co., Inc., 288 So.2d 626, 629 (La.1974). The proper court in this case is CDC; nothing in the Louisiana Trust Code requires a petition for instructions to be considered by the same section or division of court that conducted the succession proceedings. Thus, we find no merit in Ms. Dendinger’s first argument.
^Second, Ms. Dendinger claims that applicable provisions of the Louisiana Code of Civil Procedure authorize the transfer and consolidation granted by the trial court in this case. As a general rule, La. C.C.P. art. 253.1 requires that all eases filed in Louisiana district courts be randomly assigned. La. C.C.P. art. 253.2 provides exceptions to the random-assignment rule, allowing transfer and reassignment of cases under very limited circumstances. That provision states, in pertinent part, as follows:
After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial pursuant to Article 1561.
All parties did not agree to transfer of the instant case; thus, the only question is whether the case was “transferred to effect a consolidation for purpose of trial pursuant to Article 1561.”
La. C.C.P. art. 1561 A, in turn, provides as follows:
A. When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate.
This court recently considered the exact issue presented by this writ application in another writ application, Crais v. Nolan, 99-0800 (La.App. 4 Cir. 4/22/99), rev’d, 99-1505 (La.6/25/99). In that case, the trial court ordered a transfer for the purpose of consolidating an action with a previously-filed action, despite the fact the previously-filed action had been settled prior to the transfer. A five-judge panel of this court denied writs, over dissents from two judges. The dissenting judge who assigned reasons noted the fact that the previously-filed, settled case was no longer pending, and that the consolidation and transfer therefore did not meet the requirements of the applicable provisions of the | Louisiana Code of Civil Procedure. Thereafter, Louisiana Supreme Court granted writs, stating as follows:
Granted. The judgment of the trial court transferring the case to Division “K” is reversed for the reasons set forth in the dissenting opinion in the court of appeal. The case is remanded to Division “B”, the division to which it was randomly assigned.
Thus, the Louisiana Supreme Court has held that transfer is allowed under the provisions of La. C.C.P. art. 253.2 only for the purpose of consolidating the case with another pending case, as allowed by La. C.C.P. art. 1561.
The fact that the succession proceedings in this case may be reopened at some time in the future does not change this result. The proceedings are currently closed; therefore, no pending case exists with which to consolidate the instant case. Under the circumstances, the trial court improperly granted the motion to transfer and consolidate.
Accordingly, the trial court judgment is reversed and the case is remanded to CDC Division “N,” the division to which it was randomly assigned.
*557 WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; CASE REMANDED TO CDC DIVISION “N”.