JjMICHAEL E. KIRBY, Judge.

STATEMENT OF THE CASE

The relator, the Sewerage & Water Board of New Orleans (SWBNO), seeks review of an order granting the plaintiffs’ motions to transfer twenty-eight individual actions from various divisions of the Civil District Court for the Parish of Orleans (CDC) to Division C for consolidation with the instant case, Erin Boh v. James Industrial Contractors, et al. A hearing on the consolidation issue was held on May 8, 2003, and a judgment granting the motions was signed on June 2, 2003. The relator filed its notice of intention to apply for a supervisory writ on or about June 25, 2003. The trial court set July 2, 2003 as the return date for the filing of the writ. On July 1, 2003, the Board sought an extension of the deadline for filing its writ application, and, the court signed an order extending the deadline for the filing of the writ to July 3, 2003.

FACTS

The litigation forming the basis for this writ application stems from allegations of damage to property in the Broadmoor area of the city allegedly caused by a drainage project. According to the relator the project is a joint one |2involving the City of New Orleans, relator, and the United States Army Corps of Engineers. The project covers an area extending some miles in Uptown New Orleans. In addition to the instant lawsuits, approximately forty other lawsuits by individual or cumu-lated plaintiffs are currently pending in CDC. Twenty-eight of the lawsuits were filed by the Murray Law Firm and the others by other law firms. In the actions filed by other firms, there are additional defendants, but in the action filed by the Murray Law Firm, the relator is the only named defendant. The instant writ application arises from the granting of a motion to consolidate the twenty-eight lawsuits filed by the Murray Law Firm with a case that was initially filed on May 18, 2001, by pro se plaintiff Erin Elizabeth Boh. Ms. Boh filed a petition for. damages against the relator, SWBNO, James Industrial Contractors, L.L.C., the U.S. Army Corps of Engineers, and various insurance companies seeking damages arising out of property damage to her house caused by construction of a drainage system on the Napoleon Avenue area of her home. She alleged that work on the construction project began on May 18, 2000 and was still continuing and causing damage at the time her' petition was filed on May 18, 2001.
On October 15, 2001, Linda Harang of the Murray Law Firm filed twenty-eight lawsuits on behalf of various owners and residents whose properties were allegedly damaged by the same drainage construction project that allegedly caused damage to Mrs. Boh’s property. CDC Case# 2001-16964 was filed on behalf of Canard Properties, L.L.C., and Paul and Mario Calonje (owners of properties located on So. Tonti Street, Nashville Avenue, Joseph Street, So. Claiborne Avenue, Jena Street and So. Derbigny Street). The sole named defendant in that lawsuit is the relator, SWBNO. The plaintiffs alleged that they suffered damages attendant to activities related to a drainage improvement project referred to as the | aSoutheast Louisiana Drainage Improvement Project (SELA Project). The SELA Project, *182 which was allegedly initiated and instituted by the relator, SWBNO, was a drainage improvement project covering the vicinity of So. Claiborne Avenue, Napoleon Avenue, Fontainebleau Drive, Nashville Avenue, and Louisiana Avenue (also referred to as the Broadmoor area of town). The plaintiffs alleged that they suffered damages as a result of pile driving, concrete breakage and removal, water drainage and dewatering, soil excavation and other activities attendant to the SELA project. The project allegedly was continuing at the time the lawsuit was filed.
CDC Case # 2001-16965 contains identical allegations as CDC Case # 2001-16964 and was filed on behalf of Kobie Guillory, Elizabeth Maifeld, Tina and Rahim Ebra-himpour, and Ernest O’Steen (owners and/or residents of properties located on Jena Street, Fontainebleau Street, or So. Salcedo Street).
CDC Case #2001-16966 was filed on behalf of Angeles P. Blalock, Percy Miller, Sr., Michael Acker, Annelle Barolak, and Marie and Paul Andrieu (owners and residents of properties located on Napoleon Avenue, Jena Street, or So. Prieur Street).
CDC Case #2001-16967 was filed on behalf of Dorothy and Bobbie Swain, Carmen Baham, Jeffrey Bordenave, and Victoria and Andrew Powell (owners and residents of properties located on So. Miro Street, So. Galvez Street, or So. Tonti Street).
CDC Case # 2001-16968 was filed on behalf of Kathlyn Broussard, Laurita Hy-mel, Adele and Cade London, Constance and Herman Scieneaux (owners and/or residents of properties located on Jena Street, Milan Street, or So. Miro Street).
| ¿CDC Case #2001-16969 was filed on behalf of Rita and Henry Holzenthal, III, Gretel Holzenthal, Cecilia and Henry Hol-zenthal, Patricia Stanley and George Thomas, and Monica and Luis Espinel (owners and residents of properties located on So. Dupre Street, So. Galvez Street, Gen. Pershing Street, or So. Johnson Street).
CDC Case # 2001-16972 was filed on behalf of Carlo Galan, Gwendolyn Redus, Billye Ber, and Maxine Miller (owners and/or residents of properties located on Napoleon Avenue, So. Miro Street, or So. Rocheblave Street).
CDC Case #2001-16973 was filed on behalf of Marcia and St. Clair Raymond, Marion Robinson, Jeanette Hunter, and Dianne Luckett on her own behalf and on behalf of her minor child, Monisha Wise (owners and/or residents of properties located on So. Miro Street, So. Galvez Street, or Delachaise Street).
CDC Case #2001-16974 was filed on behalf of Myron Sheen, Roland Lambert, Carol Daniels, Wesley Mauthe (owners and residents of properties located on So. Claiborne Avenue and Gen. Pershing Street), and Latonya Conerly (lessee of the building located at 2703 So. Broad Street).
CDC Case #2001-16975 was filed on behalf of Margaret and Patrick Shimon, Ernest Brumfield, Clara Leflore, and Maude Rome and Huery Pitts (owners and residents of properties located on Napoleon Avenue, Louisiana Avenue Parkway, and Gen. Pershing Street) and Bed and Breakfast-Beyond, a proprietorship with its principal place of business at 3115 Napoleon Avenue.
CDC Case #2001-16977 was filed on behalf of Angelique Strother, Beverly Katz, Celeste Bernard, Rudolphe Bit-chatch, Michelle Cox and Ryan Cox (owners and residents of properties located on Nashville Street, Octavia Street, or Robert Street).
| SCDC Case # 2001-16978 suit with identical allegations filed on same day by *183 the same attorney on behalf of Barbara and David Snyder, Catherine Simoneaux, James Hagerty, Edna and Flora Fleming (owners and residents of properties located on Upperline Street.)
CDC Case #2001-16979 was filed on behalf of Marguerite and Charles Johnson, William Turner, Vicki Hirsch, John Snow and Kevin Caldwell (owners and residents of properties located on Gen. Pershing Street, So. Rocheblave Street, or So. Gayo-so Street).
CDC Case #2001-16980 was filed on behalf of Jose Sierra and Karen Allison-Davis and Curtis Davis on their own behalf and on behalf of their minor children, Melissa Allison-Davis and Curtis Davis, Jr. (owners and residents of property located on Napoleon Avenue) and Marian Rabb (owner and resident of property located on So. Tonti Street).
CDC Case # 2001-16981 was filed on behalf of Joseph Peychaud, Bonnie O’Rourke-Barr, Michele Barad, Mary Gnooch, and Willye Jackson (owners and/or residents of property located on Milan Street or Gen. Pershing Street).
CDC Case #2001-16982 was filed on behalf of Adelia Luscy, Mae Taylor, Martha Anderson, Randy Campbell, and Arlene Harrison (owners and/or residents of properties located on So. Miro Street, Napoleon Avenue, So. Derbigny Street, or Gen. Pershing Street).
CDC Case # 2001-16983 was filed on behalf of Poppy (Melissa) Brite, Cynthia Mary, Cornell and Walter Bell, Luzine Bickham, Lela and Marcos Blanco (owners and residents of properties located on Napoleon Avenue, Gen. Pershing Street, So. Tonti Street, or So. Roman Street).
IkCDC Case # 2001-16984 was filed on behalf of Jean and Fred Feran, Mary Hunt, Mary and Freddie Sharett, Penelope Sheffield, and Elise Boyer (owners and residents of properties located on Napoleon Avenue, So. Dorgenois Street, or Gen. Pershing Street).
CDC Case #2001-16985 was filed on behalf of Cynthia and Jay Gulledge, Pamela and Philip Wallace, Carey Herman and Paul Rogers on their own behalf and on behalf of their minor child Helen Rogers, and Rosnau Johnson, Jr. (owners and residents of properties located on So. Prieur or So. Derbigny Streets).
CDC Case #2001-16986 was filed on behalf of Marilyn and Rosemary Crump, Henry Crump, III and Paulette and Dawn Lewis (owners and/or residents of properties located on Walmsley Avenue).
CDC Case #2001-16987 was filed on behalf of Anne Hallock, Elizabeth and Robert Low, Beverly O’Hara, Maxine 01-idge and Theodore Flot (owners and/or residents of properties located on Upper-line Street, Jena Street, or So. Miro Street).
CDC Case #2001-16989 was filed on behalf of Doris Taylor, Patricia and Lisa Scott, Cornelius Edinburgh and Ethel Bethley (owners and residents of properties located on Gen. Pershing and/or Walmsley Streets).
CDC Case #2001-16990 was filed on behalf of plaintiffs Vincent Williams, Rose Bourgeois, Georgia P. Smith, Eloise Louis and Brenda Brown. Two of the plaintiffs allegedly owned property located at two separate addresses in the 3800 block of General Pershing Street. One plaintiff allegedly owned property located in the 4200 block of So. Rocheblave Street. One plaintiff owned property located at 4100 So. Tonti Street and the fifth plaintiff was a resident of the house located at 4100 So. Tonti Street.
|7CPC Case #2001-16991 was filed on behalf of Elizabeth and Kenneth Kuss-mann (owners of property located at 3844 *184 Napoleon Avenue); Elisabeth Rareshide (owner and resident of property located at 3840 Napoleon Avenue and owner of property located at 3121-23 Jena Street); Joel Escamilla, Jr. (owner and resident of property located at 3852 Napoleon Avenue); Barbette Sneed (owner and resident of property located at 3827 Jena Street); and Misty M. Frye (owner and resident of the house located at 3823-25 Jena Street).
CDC Case # 2001-16992 was filed on behalf of Mona Lisa Crump Dogans and James Dogans (owners and residents ■ of property located at 2827 Gen. Pershing Street), James Dogans, Jr. and Kirel Do-gans, (residents of the house located at 2827 Gen. Pershing Street), Terry Crump (resident of the house located at 2829 Gen. Pershing Street), Claiborne Avenue Ventures, L.L.C. (a limited liability company with its principal place of business at 4235 So. Claiborne Avenue) and Crump Seafood & Sandwich Shop (a proprietorship with its principal place of business at 4235 So. Claiborne Avenue).
CDC Case # 2001-16993 was filed on behalf of Deporres Property Corporation (owner of the property located at 3407 Napoleon Avenue); Michele and Jerome Frazier, on their on behalf and on behalf of their minor children Jasmine and Jo Ann Frazier (owners and residents of property located at 3425 Gen. Pershing Street); Elizabeth Armstrong (owner and resident of property located at 4315 So. Johnson Street); and Hazel Stepter (owner and resident of property located at 4320-22 South Tonti Street).
CDC Case #2001-16994 was filed on behalf of Ruth and Theodore Smith, Adele Knatt, Richard Naquin, Joseph Schaub, Raymond Schaub and Caroline |sSchaub (owners and/or residents of property located on Willow Street, Clara Street, Jefferson Avenue, or So. Claiborne Avenue).
CDC Case # 2001-16995 was filed on behalf of Belinda LaCoste, Gloria Dei Luthern (sic) Church, Rosalind Brooks on her own behalf and on behalf of her minor child, Darrell Brooks, Brian Sennette, Jr., and Irvin Boudreaux, Sr. (owners and/or residents of property located on So. Gayo-so Street and/or So. Dupre Street).
Subsequent to the filing of the various lawsuits the plaintiffs filed a motion to transfer their cases for consolidation with the class action, Dudley Batchelor v. Sewerage & Water Board of New Orleans, CDC No.2001-9219, which was pending in Division B. The relator objected, allegedly stating that the Batchelor case was not the lowest-numbered DELA-related case. Accordingly, the hearing on that motion to transfer was cancelled. In April of 2003 the plaintiffs filed another motion to transfer and consolidate. This time the plaintiffs requested that their cases be transferred to Division C to be consolidated with the case, Erin Boh v. City of New Orleans, for pre-trial proceedings. The relator opposed the motion to transfer and consolidate the plaintiffs’ cases with Erin Boh v. City of New Orleans. Following a hearing, the trial court granted the motion to transfer and consolidate. The relator now seeks a review of that judgment.

DISCUSSION AND RECOMMENDATION:

The sole issue presented by this writ application is whether the trial court erred in granting the plaintiffs’ motion to transfer and consolidate the twenty-eight cases previously allotted to other divisions of court to Division C for consolidation with the Erin Boh case.
|flIn support of their motion to transfer their cases and consolidate them with the Erin Boh case, the plaintiffs alleged that the Erin Boh case was the lowest numbered case pending in the court that was related to the SELA drainage improve *185 ment project in the Broadmoor neighborhood. Plaintiffs requested the transfer and consolidation pursuant to Local Rule 3.2, 9.3, “Transfer and Consolidation”, of the Uniform Rules of District Court, which provides:
TRANSFER AND CONSOLIDATION
1.To facilitate the fair and expeditious resolution of cases, it is the policy of the court to transfer to the lower numbered suit and consolidate for trial those cases in which such consolidation is appropriate. The transfer and consolidation shall be by order of the judge to whom the case is being transferred, after contradictory hearing with all parties in each case, or with their written approval. It shall be the duty of any attorney in any case which ought to be consolidated to so move or call to the court’s attention the pendency of related cases that should be considered for consolidation. The following are examples of cases which ought to be consolidated:
1. Cases involving multiple claimants arising from a common casualty.
2. Claims for worker’s compensation and damages by a
claimant arising out of a single incident.
3. Cases involving multiple accidents to one person with injuries that overlap, whether in tort or compensation.
4. Multiple claims against a limited fund, such as an insurance policy or construction bond, where such claims are in conflict because they exceed the fund.
5. Multiple claims growing out of a single construction contract.
6. Multiple cases principally involving the same or similar legal issues, such as test cases with nominal parties.
7.Expropriations of properties in a single public development, where owned by the same owner in the Imsame neighborhood. Where separate parcels are owned by different owners, the cases need not be con- ■ solidated. (emphasis added)
DIST CT App. 3, (Rules 3.2 and 9.3).
The plaintiffs argued that subparts 1, 4, 5, and 6 of the above-cited rule mandated transfer and consolidation of their cases with the Boh case. More specifically, they argued that 1) the Boh plaintiff and the plaintiffs in the twenty-eight other actions all live in and/or owned property in the Broadmoor neighborhood; 2) the Boh plaintiff and the plaintiffs in the twenty-eight actions claimed damage to their property as a result of the same SELA drainage construction project; 3) in CDC Case #2001-16992 the plaintiffs are represented by the samé counsel as counsel in the other cases, and that case is already allotted to Division C; and 4) the relator did not challenge the jurisdiction or venue of the court.
The relator opposed the motion to transfer the twenty-eight cases arguing that none of the cases met the requirements needed for- transfer and consolidation. More specifically, the relator argued that the cases did not involve multiple claimants suffering injury from a common casualty. Rather, the relator noted that there were several separate SELA projects, numerous separate contracts and subcontracts spread over a number of years. Moreover, the ■ claims of the individual homeowners were separate, distinct and individual as noted by the fact that, the plaintiffs lived miles away from each other, had different, types of houses, different maintenance records, different soil subsidence, etc. Additionally, the relator noted *186 that there had been no showing that this was a case wherein there were multiple claims against a limited fund. Moreover, the claims did not grow out of a single construction contract; rather, all the claims were tort claims. U Finally, as to the allegation of claims involving the same or similar legal issues, the relator noted that with the multiplicity of engineers, contractors, possible causes of damage, etc., there would be different legal and factual issues presented in the claims of each individual homeowner.
It does not appear that the plaintiffs’ claims fit under any of the cited subparts. Moreover, it does not appear that this court needs to address whether the cases fit under subparts 1, 4, 5, 6 because the trial court did not cite any of these sub-parts as authority for granting the plaintiffs’ motion to consolidate the twenty-eight cases with Erin Boh. Rather, the sole reason given for ordering the transfer and consolidation of the cases was a finding by the trial court that the matters should be consolidated “in the interest of judicial economy.”
Yet neither the court nor the plaintiffs have shown why it is in the interest of judicial economy to consolidate the instant case “for pre-trial purposes.” More importantly, as noted by the relator, the transfer and consolidation of the cases is in direct contravention of La. C.C.P. art. 253.2, which provides in relevant part as follows:
Art. 253.2. Transfer and reassignment of pending cases
After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial pursuant to Article 1561. However, the Supreme Court, by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated, (emphasis added)
The relator argues that La. C.C.P. article 1561 only allows consolidation for trial in limited circumstances and the consolidation of the plaintiffs’ with Erinj^Boh does not fall within the requirements specified in La. C.C.P. art. 1561 which provides:
Art. 1561. Consolidation for trial
A. When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate, (emphasis added)
Pursuant to the above-cited codal articles, cases may be consolidated “for trial purposes.” Yet, in the plaintiffs’ motion to transfer and consolidate, the plaintiffs merely request that the cases be transferred and consolidated “for pre-trial proceedings.”
The relator further argues that Uniform Rules of the District Court, Local Rules 3.2 and 9.3 do not require a transfer and consolidation of the plaintiffs’ separate actions to Erin Boh. Alternatively, it argues that if the Rules do allow such transfer and consolidation, they are in violation of La. C.C.P. arts. 253.2 and 1561. However Uniform Rules of the District Court, Local Rules 3.2 and 9.3 mirror the language of La. C.C.P. art. 1561 in that they also speak of transferring cases “for trial.” Accordingly, no need exists to address whether the Uniform Rules conflict with La. C.C.P. art. 1561.
*187 In response to the relator’s argument, the respondents argue that to the extent that the rules do not specifically allow for transfer and consolidation, the court should not elevate form over substance by disallowing a procedure that will streamline this complex litigation. Citing La. C.C.P. art. 5051, they argue that the Rules of Civil Procedure mandate a liberal construction to promote efficiency . and | ^consistent results.[1] While this may be true, the fact remains that neither the trial court nor the plaintiffs have demonstrated how consolidating these cases for pre-trial proceedings will promote judicial efficiency. By limiting their transfer and consolidation request to a request for eom solidation only for pre-trial purposes, the plaintiffs implicitly recognize that because of the nature of the plaintiffs’ claims, each of these case must be tried separate. Assuming arguendo that the rules allowed for consolidation for purposes other than trial, none of the parties specifies what benefit will be served by consolidating for pre-trial purposes. It certainly could not affect discovery in any way. The same attorney and/or firm represents- the twenty-eight plaintiffs, and the original pro se plaintiff in Erin Boh is now represented by counsel. Certainly these attorneys will be able to work out any discovery issues.' Moreover, if the cases are to be sent back to the individual divisions to which they were originally allotted for trial, it is difficult to see how the trial judge handling the matter pre-trial will be able to set definitive cut off dates and or make binding rulings on the various pre-trial matters that may arise. Additionally, this bifurcated matter of handling the case could severely hamper any settlement efforts between the parties. Accordingly, it is not apparent that judicial economy will be served by consolidating these cases.
As a general rule, a trial court has wide latitude with regard to the consolidation of suits pending in the same court. McGrail v. Sugar, 2000-2528, p. 7 (La.App. 4 Cir. 12/19/01), 804 So.2d 844, 848, citing S.K. Whitty & Co. v. Laurence L. Lambert & Associates, 632 So.2d 364 (La.App. 4 Cir. 12/30/93). |14 Consolidation of cases wherein the court finds that common issues and facts and law predominate and that judicial economy will be served by the consolidation has been allowed under La. C.C.P. art. 1561 A. See Johnson v. First Nat. Bank of Shreveport, 2000-870 (La.App. 3 Cir. 6/20/01), 792 So.2d 33. However, no cases have been cited by the plaintiffs wherein consolidation for “pre-trial” purposes has been allowed.- Nor can the undersigned envision why consolidation for this limited purpose would be needed or desirable in. the instant case, particularly where the consolidation would admittedly impact the random allotment procedure.
In State v. Sprint Communications Company, L.P., 96-3094, p. 3 (La.9/9/97), 699 So.2d 1058, 1062, the Louisiana Supreme Court noted the impact that the transfer of cases have on random assignment of eases and specifically noted that La. C.C.P. art. 253.1 expresses the legislative mandate to end the practice of nonrandom assignment. Significantly, in Sprint, the trial court transferred a case to another section for reasons very similar to the reasons given in the instant case. However, the Supreme Court criticized the 18th Judicial District Court’s interdivisional transfer of civil cases that had been made in the “best interest of judicial economy, and. .case management.” In Sprint two class action suits had been filed and *188 randomly allotted to one judge, who transferred them to another judge who “was more experienced in class action lawsuits.” In concluding that the transfers were impermissible, the Court stated that La. C.C. art. 253.1 expressed “the legislative mandate to end the practice of non-random assignment.” Sprint Communications Company, 699 So.2d at 1062. The Court further articulated:
The statute is clear and unambiguous. The requirement to randomly assign must apply to the transfer as well as the initial allotment of cases to deter attempts to [^manipulate the assignment of lawsuits.... The words ‘random assignment’ necessitate the statute’s application beyond the initial procedures employed by the clerk of court.
The Court also noted the enactment of La. C.C.P. art. 253.2, effective August 15, 1997.
The Court found that the clear language of La. C.C.P. art. 253.2 left no doubt that the non-random interdivisional transfers at issue therein would be improper under the new article. Thus, the Court concluded that its decision was codified by the recent enactment of La. C.C.P. art. 253.2. Similarly, in the instant case, it does not appear that transfer and consolidation of these twenty-eight cases for reasons of “judicial economy” meets the criteria specified by the Legislature or the Supreme Court for the transfer and consolidation of cases.
In appropriate cases wherein judicial economy will be promoted and the cases fit the criteria specified in La. C.C.P. art. 1561, consolidation should be allowed. However, because neither the plaintiffs nor the trial court demonstrated that those criteria were met, it appears the trial court erred in granting the plaintiffs’ motion to transfer and consolidate the plaintiffs’ cases with the Erin Boh case.
Accordingly we grant the writ application and reverse the judgment of the trial court.
WRIT APPLICATION GRANTED; JUDGMENT REVERSED.
ARMSTRONG, C.J. — dissents.
TOBIAS, J. — concurs and assigns reasons.

. Art. 5051. Liberal construction of articles The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law arid are not an end in themselves.