11ARMSTRONG, C.J.,
dissents with reasons.
Finding no abuse of the trial court’s broad discretion in matters of consolidation, I would deny relator’s writ application. Therefore, I respectfully dissent.
The articles of the Code of Civil Procedure are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. La. C.C.P. art. 5051. La. C.C.P. art. 1561 can have no possible purpose other than the promotion of judicial efficiency and judicial economy.
It is as much within the discretion of the trial court to consolidate for pre-trial purposes as it is to consolidate for discovery purposes. Therefore, the burden is not on the trial court or the plaintiff to establish that the consolidation was proper. The burden is on the relator to demonstrate otherwise. The record favors the trial judge in this regard.
My reading of State v. Sprint Communications Company, L.P., 96-3094, p. 3 (La. 9/9/97), 699 So.2d 1058, 1062, does not support the contention that the consolidation in the instant ease is in contravention of the rule against non-random assignment and transfer of cases. In the case sub judice, all of the consolidated cases were originally allotted randomly and then were • consolidated to the lowest *189 12numbered randomly allotted case. The Spyint case is totally inapposite. In that case the Supreme Court disparaged the practice of the 18th Judicial District Court of routinely non-randomly swapping cases in general and in that particular case struck down the non-random swapping based on the testimony of the judge to whom the cases were transferred that the transfer was “ ‘routine’ and done because he was more experienced in class action lawsuits.” Id., p. 2, 699 So.2d at 1061.
Additionally, I note that La. C.C.P. art. 253.1 and 253.2 do not support the contention that what was done in the instant case violates the random assignment of cases and the prohibition against the transfer of cases. Instead, La. C.C.P. art. 253.2 specifically authorizes transfers for consolidation purposes by prohibiting the transfer of a case “unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial pursuant to Article 1561.” [Emphasis added.] In other words, there is no random allotment problem and no non-random transfer problem when the transfer is done pursuant to a consolidation under La. C.C.P. art. 1561, as was done in the instant case. In re Dendinger, 99-1624, p. 4 (La.App. 4 Cir. 7/21/99), 766 So.2d 554, 556. In fact, even cases filed in different parishes may be consolidated when those parishes fall within the same judicial district. Johnson v. First Nat. Bank of Shreveport, 00-870 (La.App. 3 Cir. 6/20/01), 792 So.2d 33.
Based on the foregoing analysis I conclude that: (1) La. C.C.P. art. 1561 should be liberally construed to allow consolidations for pre-trial purposes; (2) the consolidation in the instant case to the lowest number of the randomly allotted cases to be consolidated violates neither the random allotment rule nor the prohibition against non-random transfers; (3) and there was no abuse of the trial court’s broad discretion.
For the foregoing reasons, I would deny the relator’s writ application. Accordingly, I respectfully dissent.