976 So.2d 767 (2008)
Dawn Marie GIECK
v.
TENET HEALTHCARE CORPORATION, Tenet Healthsystem CM, Inc. and Tenet Healthsystem Memorial Medical Center, Inc.
No. 2007-CA-1597.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2008.
*768 Daniel J. Caruso, Simon Peragine Smith & Redfearn, LLP, New Orleans, LA, for Plaintiff/Appellee.
Kurt S. Blankenship, Robert I. Baudouin, Richard E. Gruner, Jr., Njeri Battiste Maldonado, Blue Williams, L.L.P., Metairie, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Defendant, Tenet Healthcare Corporation ("THC"), appeals the judgment of the trial court overruling its Exception of Lack of Personal Jurisdiction. Because the judgment appealed from is a non-appealable interlocutory judgment, we dismiss the appeal and remand the case to the trial court.
Relevant Facts
On August 29, 2006, Plaintiff, Dawn Marie Gieck ("Ms. Gieck"), a nurse formerly employed by Memorial Medical Center, filed suit against THC, Tenet Healthsystem CM, Inc., and Tenet Healthsystem Memorial Medical Center, Inc. ("Memorial") (hereinafter collectively referred to as "Defendants"), for damages she allegedly sustained after being stranded at Memorial Medical Center in New Orleans in the days following Hurricane Katrina.
In response to Plaintiff's Petition, counsel retained by Memorial filed responsive pleadings, including an exception of lack of subject matter jurisdiction, on behalf of all Defendants, including THC. Apparently realizing the mistake, counsel for Memorial later filed a motion and order to withdraw as counsel of record. THC subsequently filed exceptions of lack of personal jurisdiction, lack of subject matter jurisdiction, and improper service. On September 14, 2007, the Exceptions were argued before the trial court. In a written judgment dated September 19, 2007, the trial court denied THC's exception of lack of personal jurisdiction but granted its exception of improper service of process. The court also ordered Plaintiff to make proper long-arm service on THC.
THC then filed both an application for supervisory writs as well as the instant appeal in this Court. A panel of this Court denied THC's application for supervisory writs on October 31, 2007, in writ number 2007-C-1313. THC subsequently filed an application for writs with the Louisiana Supreme Court, which is currently pending. The instant appeal seeks review of the same judgment and issues.
Arguments on Appeal
On appeal, THC argues that the trial court erred in overruling its exception of lack of personal jurisdiction because THC provided uncontroverted evidence that it did not have the requisite minimum contacts with the State of Louisiana to justify exercise of the trial court's jurisdiction. In response, Plaintiff argues that Healthsystems Memorial Medical Center filed responsive pleadings for all three defendants without excepting to personal jurisdiction for THC. In the alternative, Plaintiff argues that even if the exception has not been waived, it is unsupported by the evidence.
*769 Law and Discussion
At the outset, we note that the judgment overruling THC's exception of lack of personal jurisdiction is an interlocutory judgment. A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. La.Code Civ. Proc. art. 1841. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. Id. A judgment that determines the merits in whole or in part is a final judgment. Id. Louisiana Code of Civil Procedure Article 2083 governs the appealability of interlocutory judgments. The Louisiana legislature amended Article 2083, effective January 1, 2006, and in its present form, Article 2083 provides that an interlocutory judgment is appealable only when expressly provided by law. La.Code Civ. Proc. art. 2083(C).
The denial of an exception of lack of personal jurisdiction is an interlocutory judgment that is not expressly appealable by law. The proper procedural vehicle to contest an interlocutory judgment that is not immediately appealable is an application for supervisory writ. See Ganier v. Inglewood Homes, Inc., 06-0642 p. 2 (La. App. 4 Cir. 11/08/06), 944 So.2d 753, 755. We have, in the past, and in the interest of justice, exercised our supervisory jurisdiction by converting interlocutory appeals into applications for supervisory writs. However, in this case, THC has already applied for, and has been denied, supervisory writs on this issue. Therefore, because the trial court's judgment is not appealable and a writ has already been denied by this Court on the same issue, we dismiss the instant appeal for want of jurisdiction and remand the case to the district court for further proceedings.
APPEAL DISMISSED; CASE REMANDED.