PAUL A. BONIN, Judge.
 

 11 Kellye Deel filed a suspensive appeal from the trial court’s interlocutory judgment granting a motion to consolidate two pending lawsuits, which motion was
 
 *1000
 
 filed by James R. Gibeault.
 
 [1]
 
 Because we may not exercise appellate jurisdiction in this matter, but may exercise discretionary supervisory jurisdiction over the matter, we convert Ms. Deel’s appeal to an application for supervisory writ, which application we grant. But, because we conclude from our review of the record that the trial judge did not abuse her discretion in granting Mr. Gibeault’s motion to consolidate, we deny the relief sought. We explain our reasons below.
 

 I
 

 A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. La. C.C.P. art. 1841. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
 
 Id.
 
 A judgment that determines the merits in whole or in part is a final judgment.
 
 Id.
 
 Final judgments, even in some cases partial final judgments, are appealable.
 
 See
 
 La. C.C.P. arts. 1911,1915 A and B.
 

 | ?La. C.C.P. art. 2083 governs the ap-pealability of interlocutory judgments. Importantly, the Louisiana legislature amended Article 2083, effective January 1, 2006, and in its present form, Article 2083 provides that an interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083 C.
 
 [2]
 
 The judgment granting the motion to consolidate is an interlocutory judgment that is
 
 not
 
 expressly appealable by law.
 
 [3]
 

 The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ.
 
 See
 
 La. C.C.P. art. 2201;
 
 see also Gieck v. Tenet Healthcare Corp.,
 
 2007-1597 (La.App. 4 Cir. 1/23/08), 976 So.2d 767. La. Const, art. V, § 10(A) provides that a court of appeal has “supervisory jurisdiction over cases which arise within its circuit.”
 
 First National Bank of Picayune v. Pearl River Fabricators, Inc.,
 
 2006-2195, p. 11 (La.11/16/07), 971 So.2d 302, 310.
 

 Accordingly, in the interest of justice, and especially considering that this appeal was filed within the delays allowed for applying for supervisory writs,
 
 see
 
 Rule 4-3, Uniform Rules — Courts of Appeal, we convert the pending appeal to a writ application for review under our supervisory jurisdiction.
 
 See Kurz v. Milano,
 
 2008-1090 (La.App. 4 Cir. 2/18/09) 6 So.3d 916;
 
 Lalla v. Calamar, N.V.,
 
 2008-0952 (La.App. 4 Cir. 2/11/09), 5 So.3d 927;
 
 Ganier v. Inglewood Homes, Inc.,
 
 2006-0642 (La.App. 4 Cir. 11/08/06), 944 So.2d 753.
 

 _kH
 

 Mr. Gibeault claims to be the sole owner of the property located at 621-623 Frenchmen Street in Faubourg Marigny. Mr. Gibeault, Ms. Deel, and Mr. Francois entered into a business agreement to operate a bar on the premises, Jimbeaux’s of Frenchmen Street, L.L.C. Ms. Deel claims to own fifty percent of the property and the bar. In May 2009,- the business was cited by the Louisiana Alcohol & Tobacco Control on numerous charges, including
 
 *1001
 
 operating without permits and allowing a convicted felon (Mr. Francois a/k/a Victor Soto) to manage the business.
 

 On June 3, 2009, Mr. Gibeault and Mr. Francois were involved in a physical altercation at the bar, which resulted in Mr. Gibeault’s arrest. In connection with the altercation, Mr. Francois filed a petition for a temporary restraining order against Mr. Gibeault in the matter entitled
 
 Victor Francois, III, et al. v. James Gibeault,
 
 Civil District Court No. 09-5917, Division “G”. The petition alleges that Mr. Gibeault attacked Mr. Francois and an employee of the bar with two hammers, for no known cause or provocation. The trial court granted a temporary restraining order against Mr. Gibeault.
 
 [4]
 

 Mr. Gibeault filed a reconventional demand, alleging that Mr. Francois instigated the altercation, and asserting that through coercion, duress, and fraud, Mr. Francois caused Mr. Gibeault to execute certain documents, which purport to transfer a fifty percent ownership interest in the property to Ms. Deel, Mr. Francois’ wife.
 
 [5]
 
 Mr. Gibeault further asserts that the altercation stemmed from the dispute over the ownership of the property. Ms. Deel is not named in this action.
 

 l4On September 3, 2009, Mr. Gibeault leased the property to 621-623 Properties, L.L.C. Mr. Francois claims that Mr. Gi-beault leased the property without the knowledge and permission of himself or Ms. Deel.
 

 On September 9, 2009, Mr. Gibeault filed for a temporary restraining order against Mr. Francois. Mr. Gibeault alleges that Mr. Francois appeared on the property over the Labor Day weekend and threatened the new tenant, Mr. William Emmer, who was preparing to open a bar on the premises. Following a hearing on September 27, 2009, the trial court granted a preliminary injunction against Mr. Francois, conditioned upon the posting of security in the amount of $500.
 

 In a separate matter entitled
 
 Kellye Deel v. James Gibeault and 621/623 Properties, L.L.C.,
 
 Civil District Court No. 09-10184, Division “B”, Ms. Deel filed a petition to invalidate the lease of the property to 621/623 Properties, L.L.C., asserting her fifty percent ownership in the Frenchmen Street property. Mr. Gibeault answered the petition and filed a reconven-tional demand, alleging (as he did in the first matter filed against him by Mr. Francois) coercion, duress, and fraud on the part of Ms. Deel in connection with her purported purchase of a fifty percent interest in the Frenchmen Street property. Mr. Francois is not named in the second action.
 

 Mr. Gibeault filed a motion to consolidate the two matters filed against him, arguing that the validity of the agreement to purchase executed by Ms. Deel, is a common issue in both cases. Ms. Deel opposed the consolidation, arguing that common questions of fact and law do not predominate, and because consolidation would cause jury confusion and prevent a fair and impartial trial.
 

 lfiThe matter was brought before the trial court on November 6, 2009. Judgment was rendered November 12, 2009, granting the consolidation, which judgment is the subject of our review.
 

 
 *1002
 
 III
 

 La. C.C.P. art. 1561 provides:
 

 A. When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the. actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate. If a trial date has been set in any of the subsequently filed actions that have not yet been consolidated, then the written consent of each section or division of the court shall be required.
 

 B. Consolidation shall not be ordered if it would do any of the following:
 

 (1) Cause jury confusion.
 

 (2) Prevent a fair and impartial trial.
 

 (3) Give one party an undue advantage.
 

 (4) Prejudice the rights of any party.
 

 As a general rule, a trial court has wide latitude with regard to the consolidation of suits pending in the same court.
 
 Boh v. James Indus. Contractors, L.L.C.,
 
 2003-1211 (La.App. 4 Cir. 2/11/04), 868 So.2d 180. Consolidation of cases wherein the court finds that common issues and facts and law predominate and that judicial economy will be served by the consolidation has been allowed under La. C.C.P. art. 1561.
 
 Id.
 
 Because the trial court’s power to consolidate under Article 1561 is discretionary, its decision is reviewed under an abuse of discretion standard.
 
 See, e.g., Bonnette v. Tunica-Biloxi, Indians,
 
 2002-0919 (La.App. 3 Cir. 5/28/03), 873 So.2d 1.
 

 | fiIn the present case, Mr. Gibeault submits that two courts passing on the validity of the alleged purchase agreement with Ms. Deel could result in inconsistent judgments. Mr. Francois argues that because the second action, filed by Ms.' Deel against Mr. Gibeault, does not include Mr. Francois, and includes an additional defendant (the new tenant), the actions are different. Mr. Francois does acknowledge, however, that the validity of the purchase agreement is at issue in both cases.
 

 We find that the decision to consolidate is supported by the record. Mr. Gibeault claims sole ownership of the property in question. Ms. Deel asserts a fifty percent ownership in the property, and Mr. Francois asserts an ownership interest by virtue of his wife’s purchase. Mr. Gi-beault claims that purchase agreement is null and void. Finally, Ms. Deel seeks to invalidate the lease which Mr. Gibeault entered into with 621/623 Properties, L.L.C. based on her ownership claim. It is evident that the validity of the purchase agreement is the dominant issue in the entire dispute between these parties and the ultimate resolution of the dispute. Clearly, common issues of fact and law exist.
 

 Mr. Francois and Ms. Deel have not demonstrated how consolidation would prejudice the rights of any of the parties or prevent a fair trial. Notably, the record reflects that neither party has requested a jury trial. Thus, jury confusion is not an issue. Accordingly, we find no abuse of the trial court’s discretion in ordering consolidation of these two lawsuits.
 

 ^CONCLUSION
 

 Ms. Deel’s appeal of an interlocutory judgment is converted to a timely filed application for supervisory relief, which we grant. Finding no abuse of discretion by the trial court, we deny relief.
 

 APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED.
 

 [1]
 

 . The appeal was filed on behalf of Ms. Deel. However, the appellant brief was filed on behalf of Mr. Francois.
 

 [2]
 

 . An example of an appeal of an interlocutory judgment which is expressly permitted by law is an order or judgment granting
 
 or denying
 
 a preliminary injunction.
 
 See
 
 La. C.C.P. arts. 1914 E and 3612.
 

 [3]
 

 .The authorities cited in appellant's brief were all decided under the test which existed prior to the substantial change brought about by the 2006 amendment to Article 2083.
 

 [4]
 

 . The TRO seems to have been issued without any requirement of security.
 
 See
 
 La. C.C.P. art. 3610. It appears that no preliminary injunction issued.
 
 See
 
 La. C.C.P. arts. 3602 and 3606.
 

 [5]
 

 . Mr. Gibeault submitted an affidavit, stating that Mr. Francois "made him sign a paper saying that Kellye could buy half of the property for $180,000.00 and that Kellye had already paid him $80,760.00.”