STEPHEN J. WINDHORST, Judge.
| {.Appellant, Carmiel Williams, appeals the trial court’s September 30, 2013 judgment sustaining appellees’ exceptions of insufficiency of service of process and nonconformity of the petition and. dismissing appellant’s claims. For the reasons that follow, we affirm.
Facts and Procedural History
On September 13, 2011, Mr. Williams filed a pro se “Complaint For Injunction.” The caption of the petition (although called a complaint by the plaintiff) names “Jefferson Parish Credit Union and Ted Roose” as defendants. However, in the petition, “Jefferson Financial Credit Union” is named as the defendant. The petition does not specifically list Ted Roose as a defendant. Mr. Williams alleged that from August 27, 2011 through the present, “defendants” refused to accept automobile payments; attempted to charge a $250 repossession fee; and threatened to take his automobile unless the added charges were paid. Mr. Williams claimed that he demanded that the defendants stop their wrongful conduct, but that defendants have refused to comply. Mr. Williams further | .^contended that unless defendants *493 were enjoined and restrained, he would suffer irreparable injury.
In his prayer, Mr. Williams prayed for judgment against defendant “Jefferson Parish Credit Union” in the form of a temporary restraining order, preliminary injunction, and a permanent injunction. The petition did not contain a proposed temporary restraining order, or a rule to show cause setting the preliminary injunction for hearing. Service of the petition was requested on:
Law Office Robert Contrariss,
3321 Florida Ave
Kenner, Louisiana 70065
Attorney for Defendants
Jefferson Financial Credit Union
Robert Contrariss was not enrolled as counsel of record, nor was there any allegation or indication that he was the agent for service. At the hearing, counsel for the Credit Union stated that the registered agent was its C.E.O., Mark Rosa.
On July 12, 2013, Mr. Williams filed a “Motion for Consolidation,” requesting consolidation of the present case with a “Petition for Executory Process” filed by Jefferson Parish Credit Union against Mr. Williams in case no. 711-436, Division K, in the 24th Judicial District Court on February 15, 2012. The motion requested service on:
Jefferson Parish Credit Union
D’Aquilla, Mullins & Contreras
3329 Florida Avenue
Kenner, Louisiana 70065
This law firm was not yet enrolled as counsel of record, nor is there any allegation or indication that the firm or anyone therein was the Credit Union’s agent for service. The motion to consolidate was set for hearing, and the trial court denied the motion in open court on August 21, 2013.
|4On August 20, 2013, Jefferson Financial Credit Union and Ted Roose filed exceptions of insufficiency of service of process and nonconformity of the petition. The exceptors contended that Jefferson Financial Credit Union was not correctly named in the petition and the motion for consolidation. Exceptors further argued that Mr. Williams failed to request service on Jefferson Financial Credit Union through its agent for service of process, and failed to request service on Ted Roose within 90 days of filing the petition.
On September 6, 2013, Mr. Williams filed a motion to amend his petition. The amended petition attached to the motion was not signed by Mr. Williams nor did it request service on the defendants. The trial court denied the motion to amend on September 12, 2013.
On September 18, 2013, the trial court granted both exceptions and dismissed Mr. Williams’ claims. This appeal followed.
Discussion
In his first assignment of error, Mr. Williams contends that the trial court erred in denying his motion to consolidate after finding that the present case and the case in Division K require two different types of proceedings.
La. C.C.P. art. 1561 provides in pertinent part that “When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the action for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate.” A trial court has wide latitude with regard to the consolidation of suits pending in the same court. Francois v. Gibeault, 10-0180 (La.App. 4 Cir. 8/25/10), 47 So.3d 998, 1002. Because the trial court’s power to consolidate pursuant to La. C.C.P. art. 1561 is discretionary, its decision is reviewed under an abuse of discretion standard. Id.
*494 15The record does not contain a written judgment denying Mr. Williams’ motion to consolidate. However, the minute entry and transcript show that the trial court denied his motion. During the hearing on the motion to consolidate, Mr. Williams conceded that the case in Division K was resolved and is currently on appeal. Transfer is allowed under the provisions of La. C.C.P. art. 253.2 only for the purpose of consolidating the case with another pending case, as allowed by La. C.C.P. art. 1561. See In re Dendinger, 99-1624 (La.App. 4 Cir. 7/21/99), 766 So.2d 554, 556. The record reveals that the case in Division K was no longer pending and therefore, the cases could not be consolidated. Accordingly, we find that the trial court did not abuse its discretion in denying the motion to consolidate.
In his next two assignments of error, Mr. Williams contends that the trial court erred in denying his injunction on the grounds that he did not submit a proposed temporary restraining order, or provide a rule to show cause setting a preliminary injunction for hearing,[1] and thus holding him to the same standard as an attorney.
The exceptions of insufficiency of service of process[2] and nonconformity of the petition were heard on September 18, 2013. Mr. Williams did not file an opposition to the exceptions, nor did he present evidence at the hearing to show “good cause” why service could not be requested on the defendants. The trial court granted both motions and dismissed Mr. Williams’ case.[3]
|(“Notwithstanding that a layman representing himself is not to be held to the same standards as an attorney, he nonetheless assumes responsibility for his own lack of knowledge of both procedural and substantive law.” See Boyd v. Picayune, 11-119 (La.App. 5 Cir. 11/15/11), 82 So.3d 298, 301. The record establishes that the trial court did not deny Mr. Williams’ petition for injunction because he failed to file an order setting the injunction for hearing.[4] The trial court dismissed Mr. Williams’ case on exceptions filed by the defendants after a contradictory hearing. Thus, even if Mr. Williams’ injunction had been set for hearing or trial, Mr. Williams was required to request proper service on the defendants. Mr. Williams failed to request proper service and did not show “good cause” why service could *495 not be requested. Thus, these arguments are without merit.
In his final assignment of error, Mr. Williams further contends the trial court erred in denying his motion to amend. The motion to amend was filed after defendants filed the above exceptions. Furthermore, we conclude that Mr. Williams’ amended petition did not remove the defects in the original petition to which the exceptions were addressed, and thus the trial court was not bound to allow the amendment. See McCoy v. Stalder, 99-1747 (La.App. 1 Cir. 9/22/00), 770 So.2d 447, 452. The amended petition failed to properly name all defendants and it did not request service of the amended petition on the defendants.
Additionally, La. C.C.P. art. 863 provides, in pertinent part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
[[Image here]]
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
|7The trial court denied the motion to amend because the amended petition lacked Mr. Williams’ signature. Accordingly, this assignment of error is without merit.
Conclusion
For the above stated reasons, we affirm the trial court’s September 30, 2013 judgment.
AFFIRMED.

. As the moving party, it is incumbent on appellant to obtain a hearing date by requesting service, checking the record or telephoning the court. State v. Williams, 97-1816 (La.App. 4 Cir. 3/11/98), 709 So.2d 326, 328. There is nothing in the Code of Civil Procedure that requires the court to notify the moving party of the date of a hearing unless requested by the mover to do so. Id.

. La. C.C.P. art. 1201A provides that service and citation are essential in all civil proceedings and "[w]ithout them all proceedings are absolutely null.” La. C.C.P. art. 1201C requires that "service of the citation shall be requested on all named defendants within ninety days of commencement of the action.” La. C.C.P. art. 1672C provides that the suit shall be dismissed without prejudice upon the court sustaining the declinatory exception of insufficiency of service, “unless good cause is shown why service could not be requested.” See also La. C.C.P. art. 1232; La. C.C.P. art. 1234; and La. C.C.P. art. 1261.

. Mr. Williams does not appeal or assign as error the trial court’s judgment sustaining the exception of insufficiency of service of process and exception of nonconformity of the petition. Accordingly, that judgment is not before us on appeal. See Uniform Rules of the Courts of Appeal, Rule 1-3.

. Louisiana District Court Rule 9.8 requires that all motions shall be accompanied by a proposed order requesting that the motion be set for hearing. Mr. Williams did not attach a rule to show cause or order to set a preliminary injunction for hearing. Thus, there was nothing for the trial court to set or deny.