WILLIAMS, J.
 

 LThe defendants, Monroe Air Center, L.L.C. (“MAC”) and Old Republic Insurance Company, appeal a partial summary judgment in favor of the plaintiff, Justiss Oil Company, Inc. (“Justiss”). The district court applied the doctrine of res ipsa loqui-tur and found that defendants were liable for the damage to the airplane. For the following reasons, we affirm.
 

 FACTS
 

 Justiss was the owner of a Beechcraft King Air B-200 airplane, which was built in 1989. On October 5, 2006, Lindell Nichols, who was the pilot for Justiss, delivered the plane to MAC for a 6-year inspection of the plane’s landing gear and undercarriage, as recommended by the manufacturer’s maintenance manual. On October 13, 2006, MAC completed the inspection and returned the plane to Nichols. After taking off from the airport in Monroe, Nichols tested the operation of the landing gear as recommended by MAC personnel. When he lowered the landing gear, the right wheel indicator light did not illuminate, indicating that the wheel was not locked in place. Nichols then manually lowered the landing gear, which appeared to be fully extended, but the display light again indicated the right wheel was not secure. He reported the problem to MAC and was instructed to return to Monroe. After Nichols landed safely, MAC personnel raised the plane on jacks to test the landing gear.
 

 Several hours later, MAC mechanics stated that the landing gear was operating properly and that the plane was ready to fly. Nichols took the plane for a test flight accompanied by a MAC mechanic. When Nichols lowered the landing gear the unlit display light again indicated that the right |2wheel was not properly secured. The landing gear was then lowered manually, but the instruments continued to indicate that the right wheel was not locked into place. Nichols returned to the Monroe airport and landed. However, as the plane was taxiing down the runway, the right landing gear collapsed and the plane fell onto its right side, causing extensive damage to the aircraft.
 

 After the accident, Jim Coppit, an inspector with the Federal Aviation Administration (FAA), investigated the plane’s landing gear with the assistance of MAC mechanics. The landing gear was manually extended a number of times and twice the right wheel failed to lock. After the testing, MAC personnel suggested that the landing gear actuator be inspected as a possible cause of the accident. While the plane was being repaired, the actuator was inspected by Airight, Inc., which completed a report indicating that the actuator needed to be replaced because of a “deep scratch” on its surface.
 

 In August 2007, the plaintiff, Justiss, filed a petition for damages against the defendants, MAC and its insurer, Old Republic Insurance Company. In May 2009, the plaintiff moved for partial summary judgment on the issue of liability, asserting that under the doctrine of res ipsa loqui-tur, MAC was presumed to be at fault in causing damage to the aircraft.
 

 
 *728
 
 After a hearing, the district court issued ■written reasons for judgment. The court found that res ipsa loquitur applied in this situation based on the circumstances that there had not been a problem with the aircraft’s landing gear before MAC’S inspection, that the landing gear had malfunctioned on lathe first flight thereafter, and that following additional testing by MAC the landing gear collapsed, causing damage to the airplane. The court rendered partial summary judgment in favor of plaintiff on the issue of liability. The defendants appeal the judgment.
 

 DISCUSSION
 

 The defendants contend the district court erred in granting partial summary judgment before completion of adequate discovery. They argue that summary judgment was not appropriate because no depositions had been taken and no trial date had been set.
 

 Either party, with or without affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. LSA-C.C.P. art. 966(A). After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. LSA-C.C.P. art. 966(C). While parties must be given a fair opportunity to carry out discovery and present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed.
 
 Eason v. Finch,
 
 32,157 (La.App.2d Cir.8/18/99), 738 So.2d 1205.
 

 In the present case, the plaintiffs motion for partial summary judgment was filed in May 2009, approximately one year and 8 months after defendants’ answer was filed in September 2007. During that time, the defendants had neither deposed any witnesses nor propounded any Ldiscovery. In addition, at the time the court heard the motion there were no pending requests for discovery and defendants did not seek a continuance of the hearing. Based upon this record, the district court did not abuse its discretion in hearing the motion for partial summary judgment rather than requiring more discovery. The assignment of error lacks merit.
 

 Res Ipsa Loquitur
 

 The defendants contend the district court erred in applying the doctrine of res ipsa loquitur under the circumstances of this case. Defendants argue that res ipsa is not applicable because the evidence of a defective actuator indicates a possible source of fault, other than MAC’S negligence, in causing the accident.
 

 Res ipsa loquitur is a rule of circumstantial evidence whereby negligence is inferred on the part of the defendant because the facts indicate that defendant’s negligence is the most probable cause of the injury. The test of applying res ipsa loquitur is whether the facts of the controversy suggest negligence of the defendant, rather than some other factor, as the most plausible explanation of the accident.
 
 Walker v. Union Oil Mill, Inc.,
 
 369 So.2d 1043 (La.1979). Res ipsa loquitur does not apply if there is sufficient direct evidence explaining the occurrence and establishing the details of the negligence alleged.
 
 Linnear v. CenterPoint Energy Entex/Reliant Energy,
 
 06-3030 (La.9/5/07), 966 So.2d 36;
 
 Walker, supra.
 

 Res ipsa loquitur is applicable when the following three criteria are met: (1) the injury is of the kind which does not ordinarily occur in the absence of negligence; (2) the evidence sufficiently elimi
 
 *729
 
 nates other more Aprobable causes of the injury, such as the conduct of the plaintiff or a third person; and (3) the alleged negligence of the defendant must be within the scope of his duty to the plaintiff, such as when the defendant exercised exclusive control of the thing that caused the damage.
 
 Linnear, supra.
 

 In the present case, the plaintiff submitted the affidavits of Lindell Nichols and Malcolm Enlow, Jr., in support of summary judgment. In his affidavit, Nichols stated that he was employed as a pilot for the plaintiff and that his duties included scheduling maintenance for the airplane in question. Nichols said that on October 5, 2006, he delivered the airplane to the control of MAC for a 6-year inspection of the plane’s landing gear and undercarriage. After receiving notice from MAC that the work was completed, Nichols took possession of the plane on October 13, 2006. He stated that during the flight, when the landing gear was mechanically or manually lowered, the right gear display light did not illuminate, indicating the right wheel was not locked into place. Nichols said that after he safely landed at the airport, MAC mechanics took control of the plane to test the landing gear and several hours later they said the plane was ready. Nichols stated that during a test flight, while accompanied by a MAC representative, the landing gear was lowered and the display lights again indicated that the right wheel was not locked down. Nichols then returned to the airport and as the airplane was proceeding down the runway, the right landing gear buckled and the plane was damaged.
 

 In his affidavit, Enlow stated that he had been the senior pilot for plaintiff since July 2005 and that he supervised the preparation of the | ^maintenance logs. Enlow said that the maintenance history of the airplane did not show that the landing gear had required any repairs or had failed prior to the routine inspection performed by MAC in 2006.
 

 In opposition to summary judgment, the defendants submitted the affidavit of John Shamblin, the general manager of MAC. Shamblin stated that the 2006 inspection of the plaintiffs airplane was performed by FAA-licensed MAC mechanics in compliance with the “King Air 200 Series Maintenance Manual.” Shamblin said that for the purposes of the 6-year inspection, the manual did not require MAC mechanics to inspect the airplane’s actuator. Shamblin stated that after the accident, Jim Coppit had advised that he heard a strange noise in the right gear actuator.
 

 The defendants also submitted the “Tear Down Report” completed by Airight and a document titled “ASIAS Brief Report,” which was apparently obtained from the FAA website. Airight’s report stated that prior to disassembly of the actuator, a functional test was performed and no defects were found. The report noted there was a “deep scratch” on the surface of the actuator requiring replacement of the part.
 

 In their brief, defendants argue that res ipsa loquitur was not applicable because Airight’s report indicated that the actuator could have been defective prior to the inspection by MAC, and such evidence suggested a possible cause of the accident other than MAC’S negligence. However, we note that Airight found the scratch on the actuator after the airplane was damaged in the accident. Thus, without additional facts, the report does not provide evidence that the actuator was defective prior to the |7accident. To the contrary, the evidence presented shows that the landing gear functioned properly prior to the date MAC took possession of the airplane, but upon release of the airplane from MAC’S custody, the landing gear failed to lock into place during flight and
 
 *730
 
 then collapsed on the runway, damaging the airplane. Although defendants would be in the best position to know what occurred during the time the airplane was in MAC’S possession, the defendants did not produce any direct evidence describing the inspection performed by MAC’S mechanics. Nor did defendants offer any testimony explaining the manner in which a scratch on the actuator could have caused the failure of the landing gear. The circumstantial evidence in this record indicates that MAC’S negligence is the most probable cause of plaintiffs injury. Consequently, the district court did not err in applying the doctrine of res ipsa loquitur in this case. The assignment of error lacks merit.
 

 Summary Judgment
 

 The defendants contend the district court erred in ignoring the evidence showing that an issue of material fact existed regarding the cause of the accident. Defendants argue that because the evidence submitted raised the possibility that the accident was caused by a defective actuator and that the actuator was damaged before MAC received the plane, a factual issue existed as to whether a person other than MAC was at fault.
 

 Summary judgment shall be rendered if the pleadings, depositions, and admissions, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a | ^matter of law. LSA-C.C.P. art. 966(B). An issue is genuine if reasonable persons could disagree based on the evidence presented. A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.
 
 Jones v. Estate of Santiago,
 
 03-1424 (La.4/14/04), 870 So.2d 1002.
 

 In opposition to summary judgment, the defendants submitted the Airight report and the ASIAS report. Defendants assert that the evidence presented creates a factual issue as to whether the actuator was damaged prior to MAC’S inspection of the landing gear. As previously noted, Airight examined the actuator only after the accident and the tear down report does not comment on how the part became scratched or when. Thus, contrary to the defendants’ assertion, the Airight report that a scratch was found on the actuator after the accident had occurred did not create a factual issue as to the actuator’s condition prior to MAC’S inspection of the airplane’s landing gear.
 

 Regarding the ASIAS report, the narrative section contains the statement, “During landing roll out, right main gear collapsed due to an actuating malfunction. Normal extension and emergency pump down would not lock gear.” However, we note that the defendants neither identified the person who prepared the report nor deposed any witness to provide an eviden-tiary basis for the opinion that an actuator malfunction caused the landing gear failure in this case.
 

 Based upon this record, the defendants failed to present evidence to demonstrate that the actuator was scratched before the inspection by MAC |9or that the damage to the actuator’s surface was in fact a cause of the landing gear failure. Consequently, we cannot say the district court erred in concluding that the defendants failed to produce factual support sufficient to overcome the inference that MAC’s negligence was the most probable cause of the accident. The assignment of error lacks merit.
 

 CONCLUSION
 

 For the foregoing reasons, the district court’s partial summary judgment on the issue of liability in favor of Justiss Oil Company, Inc., is affirmed. Costs of this
 
 *731
 
 appeal are assessed to the appellants, Monroe Air Center, L.L.C. and Old Republic Insurance Company.
 

 AFFIRMED.