LOLLEY, J.
11 Bertha Odom appeals the summary judgment granted by the First Judicial District Court, Parish of Caddo, State of Louisiana, in favor of the defendants, Robert B. Siegel, Trustee, Travelers Property Casualty Insurance Company of America, and EAN Holdings, LLC. For the following reasons, we ■ affirm the trial court’s judgment.
Facts
On November 24, 2010, Odom and her daughter were passengers in a vehicle driven by Linda Jones. The women drove to an Enterprise Rent-A-Car center in Shreveport, Louisiana. Because Jones was disabled, she parked her car in a handicapped parking space in the Enterprise parking lot. After examining something under the hood of Jones’s car, Odom walked around the vehicle’ towards the driver’s side and tripped over the concrete parking bumper or wheel stop, allegedly injuring herself.
Subsequently, in November 2011, Odom filed suit against Robert B. Siegel, Trustee, the owner of the parking lot; Travelers Property Casualty Insurance Company of America (“Travelers”), Siegel’s insurer; and, EAN Holdings, LLC (“EAN” or “En *1026 terprise”), the lessee of the lot.[1] In her petition, Odom claimed that the defendants failed to: use reasonable care to provide a safe parking area and walkways in the parking lot; use reasonable care to keep the parking areas free of hazardous conditions; properly inspect the parking areas; and, establish proper procedures to ensure that all proper precautions had been taken to ensure the safety of visitors to the retail outlet. Finally, she specifically argues that the concrete wheel stop was negligently placed, which |aviolated standard building code requirements, providing the hazardous and dangerous circumstances causing her injury.
After filing suit, Odom’s original attorney filed a motion to withdraw, which was granted after a hearing on the matter on April 16, 2012. Several months later, on September 25, 2012, Travelers and Siegel filed their motion for summary judgment. EAN filed a separate motion for summary judgment. On December 3, 2012, at the hearing on the motions, Odom appeared pro se and admitted she had not filed any opposition to the defendants’ motions. The trial court postponed the hearing until January 16, 2013, and a trial date was also set for July 2013.
On January 15, 2013, a day before the hearing on the defendants’ motions, Odom filed her opposition. After hearing argument on the merits of the motions (despite objections by the defendants as to the timeliness of Odom’s opposition), the trial court granted summary judgment in favor of Siegel, Travelers, and EAN. This appeal by Odom ensued.
Discussion
On appeal, Odom raises two assignments of error. First, she argues that the trial court erred in concluding she had sufficient time to conduct discovery, considering the unique circumstances of her case. Second, she argues that the trial court erred in determining she failed to meet her burden of proof necessary to defeat summary judgment.
We review the grant of a motion for summary judgment de novo. Schroeder v. Board of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991); Dowdy v. City of Monroe, 46,693 (La.App.2d Cir.11/02/11), 78 So.3d 791. A motion for summary judgment will be granted if the pleadings, depositions, ^answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to summary judgment as a matter of law. La. C.C. P. art. 966(B). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. King v. Illinois Nat. Ins. Co., 2008-1491 (La.04/03/09), 9 So.3d 780. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966(C)(1).
If the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s *1027 claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).

Timeliness of Motions

First, Odom claims that the trial court erred in not giving her sufficient time for discovery prior to ruling on the defendants’ motions for summary judgment. We disagree. While parties must be given a fair opportunity to conduct discovery and present their claim, there is no absolute right to delay an action on a motion for summary judgment until discovery is completed. 4Crockett v. Therral Story Well Serv., Inc., 45,716 (La.App.2d Cir.01/05/11), 57 So.3d 355, ivrit not cons., 2011-0263 (La.03/25/11), 61 So.3d 650; Justiss Oil Co. v. Monroe Air Center, 45, 356 (La.App.2d Cir.08/11/10), 46 So.3d 725. However, it is within the trial court’s wide discretion to render a summary judgment, if appropriate, or to allow further discovery. Musa v. Litton-Avondale Indus., Inc., 2010-627, (La.App. 5th Cir.03/29/11), 63 So.3d 243, 251, writ denied, 2011-1256 (La.09/23/11), 69 So.3d 1163. The trial court’s decision in this regard should only be reversed upon a showing of an abuse of that discretion. Id.
Initially, we note that Odom never requested additional time for discovery prior to the trial court’s consideration of the defendants’ motions for summary judgment, so we are not compelled to consider her argument on that issue. See, URCA 1-3. However, notwithstanding the rule, even when considering the merits of her argument, we do not find that the trial court was in error. Here, nearly 10 months elapsed between the filing of Odom’s petition and the filing of defendants’ motions for summary judgment. At the initial court hearing on the motions in December 2012, the trial court acknowledged that Odom’s attorney had withdrawn and patiently, albeit reluctantly, gave her an extension of time until January 16, 2013, in order to secure an attorney and file an opposition to the. We recognize that at that December hearing, the trial court painstakingly explained to Odom the importance of filing an opposition to the defendants’ motions and the consequences if she failed to do so.
| sOdom, continuing in a pro se capacity, filed her opposition on January 15 (the day before the reset hearing), which included a sworn opposition memorandum, answers to interrogatories, medical records, various photographs, and an article addressing wheel stops from a website offering “safety engineering services.” Although the trial court could have dismissed Odom’s claims based on the lateness of her opposition, the trial court considered arguments on the merits of the case before granting the motions for summary judgment.
Considering the chain of events in this case, we do not believe the trial court abused its discretion in ultimately granting the defendants’ motions given the timing involved. Odom was given ample opportunity to find a new attorney and conduct adequate discovery, but failed to do so. This assignment of error is without merit.

Opponent’s Burden of Proof on Summary Judgment

In her second assignment of error, Odom argues that the trial court erred in determining she failed to meet her burden of proof necessary to defeat summary judgment. Again, we disagree.
Odom’s claim is governed by La. C.C. art. 2317.1 of the Louisiana Civil Code, which provides, in pertinent part, that:
The owner or custodian of a thing is answerable for damage occasioned by its *1028 ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
6Article 2317.1 actions require proof that the thing was in the defendant’s custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the defect. Dowdy, supra, citing, Beckham v. Jungle Gym, L.L.C., 45,325 (La.App.2d Cir.05/19/10), 37 So.3d 564 and Pamplin v. Bossier Parish Community College, 38,533 (La.App.2d Cir.07/14/04), 878 So.2d 889, writ denied, 2004-2310 (La.01/14/05), 889 So.2d 266.
Here, Odom argues that summary judgment was erroneous because a genuine issue of material fact exists as to whether the wheel stop in question was improperly positioned so as to create an unreasonable risk of harm to the individuals parked in the Enterprise parking lot. She points to various facts which she maintains are at issue and make summary judgment for this case improper. However, pursuant to La. C.C.P. art. 967(B), an adverse party may not rest on mere allegations or denials in his pleading in response to a properly made and supported motion for summary judgment, but must come forward, by affidavits or otherwise, with specific facts showing a genuine issue for trial. It is not the burden of the defendants in this case to establish that the placement of the wheel stop was safe; instead, ultimately it is Odom’s burden to prove that the placement of the wheel stop poses an unreasonable risk of harm. As the adverse party to summary judgment, Odom is required to produce factual support establishing that she could satisfy her evidentiary burden of proof at trial. Thus, at the trial court it was incumbent upon Odom to introduce some competent factual support (expert testimony, for example) that the placement of the wheel stop was improper, dangerous, violated a 17building code or otherwise presented an unreasonable risk of harm. In the absence of such support, there is no genuine issue of material fact, making summary judgment appropriate.
Odom points to her “voluminous opposition” to the defendants’ motions for summary judgment, arguing that her opposition was sufficient to create an issue of material fact and overcome the defendants’ motions. Reviewing that late-filed opposition (most of which consisted of her medical records), we note that it included Odom’s affidavit, which merely contained her sworn statement giving her version of the events, and a pxintout from a purported safety expert’s website addressing wheel stop safety. Although Odom did file some opposition to the motions (albeit late), her opposition fell far short of her necessary burden of proof to preclude summary judgment. In order to meet her burden, Odom needed to show some factual support for her contention that the wheel stop presented an unnecessary risk of harm; however, her opposition failed to provide such. She did not produce any testimony, lay or 'expert, that the placement of the wheel stop created a hazardous condition. Moreover, Odom, offered no design standards or studies to support her claim that the placement of the wheel stop created an unreasonable risk of harm. Odom simply did not meet her burden, and without any support that the wheel stop’s placement was improper, summary judgment at this juncture was entirely proper. See Dowdy, supra. So finding, the trial court did not err in granting judgment as a matter of law in favor of the defendants in this matter.
*1029 | ^Conclusion
For the foregoing reasons, the summary-judgment in favor of Robert B. Siegel, Trustee, Travelers Property Casualty Company, and EAN Holdings, LLC dismissing the claims of Bertha Odom is affirmed. All costs of this appeal are assessed to Odom.
AFFIRMED.

. EAN Holdings, LLC was incorrectly named as “Enterprise Leasing Company Southwest’’ in Odom’s petition.