GARRETT, J.
hThe plaintiff, Doris Stevens, appeals from the trial court’s grant of summary judgments in favor of the defendants, City of Shreveport (“City”) and CenterPoint Energy Resources Corp. (“CenterPoint”), dismissing her claims. For the following reasons, we affirm.
FACTS
On April 11, 2013, the plaintiff, represented by counsel, filed a petition for damages against the City and CenterPoint. Stevens alleged that on April 17, 2012, she was riding a bicycle on a sidewalk on Lakeshore Drive when she rode into a section where the concrete was missing. Stevens claimed her bicycle flipped and she was injured. Stevens asserted that people in the neighborhood told her Cen-terPoint had been doing work on the sidewalk. She alleged that the defendants knew or should have known of the defective condition of the sidewalk. Both defendants answered and denied any liability.
Discovery was undertaken. Stevens and representatives from the City and Center-Point were deposed. On September 13, 2013, the matter was set for a jury trial on February 24, 2014. On October 31, 2013, the plaintiffs attorney sent her a withdrawal letter, candidly stating that the cost of litigation outweighed any potential settlement that might be received for her claim. The withdrawal letter advised that the matter was set for jury trial on Febru-' ary 24, 2014, and there were no motions pending before the court. A motion to withdraw was filed on November 5, 2013, and the order allowing the -withdrawal was signed by the trial court on November 7, 2013.
|2On November 20, 2013, CenterPoint filed a motion for summary judgment. On January 3, 2014, the City filed its motion for summary judgment. The legal bases for these motions and the evidence submitted in support of them are discussed below. Stevens then applied for in forma pauperis status, which was granted by the trial court on January 16, 2014.
Both motions for summary judgment were considered on February 3, 2014. Stevens had not hired new counsel and proceeded pro se. Although Stevens was served with the motions, it appears that she erroneously thought that she was appearing in court for a trial.[1] No written response or opposition to the motions for summary judgment was filed by Stevens. The trial court granted the summary judg- *1074 merits in favor of the defendants. Stevens appealed.
SELF REPRESENTATION
Stevens is representing herself on appeal. She states in her brief that she requested a continuance on February 3, 2014, in order to secure a new attorney, but her request was omitted from the transcript of the hearing. The record shows that Stevens was personally notified on October 31, 2013, that her attorney was withdrawing, that her case was set for a jury trial on February 24, 2014, and at that point no motions were pending. The hearing on the motions was held on February 3, 2014. As noted by the trial court, Stevens had three months to hire another attorney to represent her in this matter and she failed to do so. The record shows that the trial court had carefully reviewed the motions for summary judgment, together with the | .^evidence submitted in support of the motions, prior to the hearing. The court noted its review of the suit indicated that no opposition had been filed. The court also patiently listened to the plaintiffs comments in court. Contrary to the assertions in her brief, the record does not reflect that Stevens ever requested a continuance. Under the circumstances presented in this case, we find no error on the part of the trial court in proceeding to consider the defense motions for summary judgment.[2]
The City urges that, because Stevens failed to list any assignments of error in this appeal, under URCA 2-12.4, she has abandoned any and all potential assignments of error. Pursuant to La. C.C.P. art. 2129, an assignment of errors is not necessary in any appeal. La. C.C.P. art. 2164 gives the appellate court authority to render any judgment which is just, legal, and proper upon the record on appeal. Based upon these authorities, the Louisiana Supreme Court has held that an appellate court has the authority to consider an issue even when there is no assignment of error. Merrill v. Greyhound Lines, Inc., 2010-2827 (La.4/29/11), 60 So.3d 600.-
Where pro se litigants are concerned, in the interest of justice, this court will read pro se filings indulgently and attempt to construe a brief as though assignments of error were properly made. See Greenwood Cmty. Ctr. v. Calep, 48,737 (La.App.2d Cir.1/15/14), 132 So.3d 470; In re Succession of Taylor, 44,471 (La.App.2d Cir.6/24/09), 13 So.3d 1253; Graham v. Nissan, 39,656 (La.App.2d Cir.6/29/05), 907 So.2d 213. In this matter, Stevens essentially argues that the trial court erred in granting summary judgments in favor of the defendants, dismissing her suit against them. We decline to reject the brief for noncompliance and will consider whether the summary judgments were properly granted.
However, even with the leeway or patience extended to a pro se litigant in the form of liberally construed pleadings, the pro se claimant is still required to meet his burden of proof. Greenwood Cmty. Ctr. v. Calep, supra. The pro se litigant assumes all responsibility for his own inadequacy and lack of knowledge of procedur *1075 al and substantive law. Dixon v. Shuford, 28,138 (La.App.2d Cir.4/3/96), 671 So.2d 1213; Murray v. Town of Mansura, 2006-355 (La.App.3d Cir.9/27/06), 940 So.2d 832, writ denied, 2006-2949 (La.2/16/07), 949 So.2d 419, cert. denied, 552 U.S. 915, 128 S.Ct. 270, 169 L.Ed.2d 197 (2007); Cutler v. McGee, 2009-1290 (La.App.3d Cir.5/5/10), 38 So.3d 481, writ denied, 2010-1879 (La.11/19/10), 49 So.3d 393; Gray v. State, 2005-617 (La.App.3d Cir.2/15/06), 923 So.2d 812; Williams v. Jefferson Parish Credit Union, 13-1005 (La.App.5th Cir.6/24/14), 145 So.3d 491; Dronet v. Dronet, 96-982 (La.App.5th Cir.4/9/97), 694 So.2d 426, writ not cons., 97-1263 (La.9/5/97), 699 So.2d 82.
IsSUMMARY JUDGMENT PRINCIPLES
Summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A). A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof remains with the mov-ant.
However, if the movant will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to provide factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
An adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or other appropriate summary judgment evidence, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967; Samaha v. Rau, supra.
| ^Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991); Lewis v. Coleman, 48,173 (La.App.2d Cir.6/26/13), 118 So.3d 492, writ denied, 2013-1993 (La.11/15/13), 125 So.3d 1108.
CENTERPOINT
CenterPoint argues that the trial court ruling granting summary judgment in its favor was proper where the motion, with supporting evidence, had been pending for more than two months and' the plaintiff failed to submit any opposition to the motion. It claims there was a complete lack of evidence that it had any care, custody, or control over the sidewalk or that it created the hole where Stevens allegedly fell off her bicycle. According to Center-Point, this was an essential element of the plaintiff’s claim against it and she failed to produce sufficient factual support to establish that she would be able to satisfy her evidentiary burden at trial. Therefore, it claims that the grant of summary judgment in its favor was proper.
*1076 Discussion
Regarding the liability for the damage caused by things, La. C.C. art. 2317 provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
[7La. C.C. art. 2317.1 states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Actions under La. C.C. art. 2317.1 require proof that the thing was in the defendant’s custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the defendant knew or should have known of the defect. Odom v. Siegel, 48,757 (La.App.2d Cir.1/15/14), 130 So.3d 1024; Johnson v. Super 8 Lodge-Shreveport, 47,081 (La.App.2d Cir.4/25/12), 92 So.3d 519.
In this case, CenterPoint urged below that it did not have custody of the sidewalk and that this fact was not in dispute. In support of its motion, CenterPoint introduced a portion of the deposition of its representative, Robert Kidd, who stated that CenterPoint does not own the sidewalk and did not maintain it. CenterPoint also pointed to allegations in the plaintiffs petition that the sidewalk was owned by the City of Shreveport. Further, Kidd attested that, while CenterPoint installed a pipeline in the area of the sidewalk, that work was not done until July 2012, several months after the plaintiffs accident.
As the adverse party to a motion for summary judgment, Stevens could not rest upon the mere allegations of her pleadings, but her response, |sby affidavits or other appropriate summary judgment evidence, must set forth facts showing that there is a genuine issue for trial. She was required to produce factual support establishing that she could satisfy her evidentiary burden of proof at trial. This burden of proof included a showing that CenterPoint had custody of the sidewalk. Stevens was represented by counsel during discovery in this matter. Discovery failed to produce any proof that CenterPoint had custody of the sidewalk during the time this accident occurred. Stevens filed no opposition to CenterPoint’s motion for summary judgment. Therefore, Stevens failed to provide factual support sufficient to show that she would be able to satisfy her evidentia-ry burden of proof at trial and there is no genuine issue of material fact as to Center-Point’s liability. The trial court acted properly in granting summary judgment in favor of CenterPoint.
CITY OF SHREVEPORT
The City argues that Stevens failed to produce any evidence of its liability in this matter. According to the City, Stevens failed to show that the City had actual or constructive notice of the alleged defective condition of the sidewalk prior to the accident or that the City had a reasonable opportunity to remedy any alleged defect prior to the accident. The City also asserted that Stevens failed to show that the sidewalk presented an unreasonable risk of harm. The City contends that Stevens did *1077 not introduce any evidence to show that the City breached any duty to her.
| ^Discussion
La. R.S. 9:2800 provides in pertinent part:
C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
D. Constructive notice shall mean the existence of facts which infer actual knowledge....
G. (1) “Public entity” means and includes ... political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions....
(2) “Public site or area” means any publicly owned or common thing, or any privately owned property over which the public’s access is not prohibited, limited, or restricted in some manner including those areas of unrestricted access such as streets, sidewalks, parks, or public squares.
To recover against a public entity for damages due to a defective thing, a plaintiff must prove that: (l) the thing which caused the damage was in the custody of the public entity; (2) the thing was defective due to a condition creating an unreasonable risk of harm; (3) the entity had actual or constructive notice of the condition yet failed to take corrective action within a reasonable period of time; and (4) the defect was a cause of plaintiffs harm. Chambers v. Village of Moreauville, 2011-898 (La.1/24/12), 85 So.3d 593; Benson v. State, 48,300 (La.App.2d Cir.10/9/13), 124 So.3d 544. Failure to meet any one statutory element will defeat a negligence claim against a public entity. Benson v. State, supra; Breitling v. City of Shreveport, 44,112 (La.App.2d Cir.5/13/09), 12 So.3d 457, writ not cons., 2009-1330 (La.9/25/09), 18 So.3d 95; Skulich v. Fuller, 46,733 (La.App.2d Cir.12/14/11), 82 So.3d 467.
The City has not disputed the plaintiffs allegation that it had custody of the sidewalk. Stevens was then required to show that the sidewalk was defective due to a condition creating an unreasonable risk of harm. Courts have adopted a risk-utility balancing test to determine whether a condition is unreasonably dangerous, wherein the trier of fact balances the gravity and the risk of harm against the individual and societal utility and the cost and feasibility of repair. Chambers v. Village of Moreauville, supra; Dickson v. City of Shreveport, 47,268 (La.App.2d Cir.8/8/12), 104 So.3d 9, writ denied, 2012-2284 (La.11/30/12), 103 So.3d 375. The test requires the consideration of whether or not the sidewalk was maintained in a reasonably safe condition for persons exercising ordinary care and prudence. Therefore, although municipalities have a duty to maintain sidewalks in a reasonably safe condition, they are' not insurers of the safety of pedestrians and are not required to maintain sidewalks in perfect condition. To be liable for damages caused by a defect, the defect must be dangerous or calculated to cause injury. Chambers v. Village of Moreauville, supra.
While pedestrians are not required to scrutinize a walkway for irregularities, they do have a duty to see what should be seen and to observe whether a pathway is *1078 clear. Williams v. Ruben Residential Properties, LLC, 46,040 (La.App.2d Cir.3/2/11), 58 So.3d 534; Dickson v. City of Shreveport, supra. Defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should have been obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Eisenhardt v. Snook, 2008-1287 (La.3/17/09), 8 So.3d 541; Dowdy v. City of Monroe, 46,693 (La.App.2d Cir.11/2/11), 78 So.3d 791; Williams v. Ruben Residential Properties, LLC, supra.
In its motion for summary judgment, the City relied in part upon the deposition testimony of Stevens to show that the sidewalk did not present an unreasonable risk of harm because the defect, if any, was open and obvious. Stevens admitted that the accident occurred before noon on a clear, sunny day, and she had no problem seeing. She failed to come forward in an opposition with any facts showing that she could prove at trial that the sidewalk presented an unreasonable risk of harm. The plaintiffs failure to establish a genuine issue of material fact on this element of her claim is sufficient to support the summary judgment in favor of the City.
The City also shows that there is a lack of factual support for another essential element of the plaintiffs claim — actual or constructive notice to the City of the condition of the sidewalk. Before a municipality can be held liable for injuries resulting from a defect in the condition of a public way, the municipality must have had actual or constructive notice of the particular defect that gave rise to the injury. Failure to meet this statutory element will defeat a negligence claim against a public entity. Actual notice is knowledge of dangerous defects or conditions by a corporate officer or | ^employee of the public entity having a duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities. Constructive notice is defined by La. R.S. 9:2800 as the existence of facts which infer actual knowledge. Ordinarily, to establish constructive notice, plaintiffs must prove that the defect causing the injury existed over a sufficient length of time to establish that reasonable diligence would have led to its discovery and repair. Smithwick v. City of Farmerville, 45,362 (La.App.2d Cir.6/23/10), 42 So.3d 1039, writ denied, 2010-2013 (La.11/12/10), 49 So.3d 888; Benson v. State, supra; Breitling v. City of Shreveport, supra.
In support of its motion for summary judgment, the City presented the deposition of its representative, Nathan Kemps, who testified that the City was never made aware of any unsafe condition pertaining to the sidewalk before the plaintiffs alleged accident. Kemps also stated that he had no information that the City or its representatives removed the portion of the sidewalk where the alleged accident occurred. Stevens herself testified in her deposition that she had no evidence that the City knew about the condition of the sidewalk before her alleged incident.[3] Stevens never presented any evidence in opposition to the City’s motion for summary judgment to show that at trial she could carry her burden of proving that the City had actual or constructive notice of the alleged defect in the sidewalk. Her failure to establish a genuine issue of material fact as to this essential | ^element of her claim provides additional support for the *1079 grant of summary judgment in favor of the City.
CONCLUSION
For the reasons stated above, we affirm the trial court’s grant of summary judgments in favor of CenterPoint Energy Resources Corp. and the City of Shreveport, rejecting the claims of the plaintiff, Doris Stevens. All costs in this court are assessed to Doris Stevens, to the extent permitted by La. C.C.P. art. 5186.
AFFIRMED.

. The attorney withdrawal letter, signed by Stevens, clearly advised her the case was set for a jury trial on February 24, 2014.

. In her brief, Stevens also contends that the trial court rushed her case, was not patient with her, and did not allow her to fully explain why she was representing herself. She alleges that the defendants’ attorneys approached the bench and talked with the judge, but the trial court prevented her from approaching the bench. Based upon these actions, Stevens claims that the trial court violated the Code of Judicial Conduct, Canon 3, dealing with adjudicative responsibilities. The plaintiff’s assertions are completely unsupported by the record. Further, this court is not the proper forum in which to assert alleged violations of the Code of Judicial Conduct.

. The scheduling order for the jury trial provided that all witness and exhibit lists were required to be filed no later than sixty (60) days before trial. It does not appear from the record that the plaintiff ever filed a witness or exhibit list.